RENDERED:  NOVEMBER 15, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1168-MR

JOHNNY CAUDILL                                                      APPELLANT

|   |   |
|---|---|
| v. | APPEAL FROM LETCHER CIRCUIT COURT<br>HONORABLE ALISON C. WELLS, SPECIAL JUDGE<br>ACTION NO. 18-CI-00082 |

DAILY UNDERWRITERS OF
AMERICA, INC.                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Johnny Caudill brings this appeal from an August 30, 2023, agreed order of the Letcher Circuit Court.  We affirm.

This appeal centers upon the narrow legal issue of whether Caudill is entitled to stack underinsured motorist coverage (UIM) under a commercial motor vehicle insurance policy issued by Daily Underwriters of America Inc. (Daily Underwriters) to Caudill's employer, L.M. Trucking Company, Inc. (L.M.

Trucking).  We will only recite those facts necessary to our disposition of this appeal.

On August 22, 2017, Caudill was driving a tractor trailer for L.M. Trucking on Highway 15 in Letcher County when an automobile driven by Ethan Adams crossed lanes of traffic and struck Caudill's motor vehicle.  Adams died from his injuries, and Caudill suffered severe injuries, including broken ribs, broken hip, broken sternum, and broken back.

L.M. Trucking had purchased a commercial motor vehicle insurance policy (commercial insurance policy) from Daily Underwriters.  The commercial insurance policy provided underinsured motorist (UIM) coverage of $60,000 and provided the UIM coverage for thirteen motor vehicles owned by L.M. Trucking, including the tractor trailer driven by Caudill on the day of the accident.

On April 11, 2018, Caudill filed a Complaint in the Letcher Circuit Court against, *inter alios*, Daily Underwriters and Tiffany Duke, as personal representative and administratrix for the estate of Ethan D. Adams.  Therein, Caudill asserted that Adams operated his motor vehicle in a negligent or grossly negligent manner thereby causing the accident on August 22, 2017, and that Adams was insured by a motor vehicle insurance policy issued by Kentucky Farm Bureau.  Due to the severity of Caudill's injuries, Caudill claimed that his injuries far exceeded the limits of liability coverage ($25,000) available under Adam's

insurance policy.[1]  Additionally, Caudill sought payment of UIM coverage under the commercial insurance policy issued to L.M. Trucking by Daily Underwriters. Caudill asserted that the commercial insurance policy with Daily Underwriters provided UIM coverage of $60,000 per listed motor vehicle and that thirteen motor vehicles were listed as having UIM coverage under the policy.  Caudill sought to stack the UIM coverage upon the thirteen listed motor vehicles for a total of $780,000 in UIM benefits.

On February 15, 2021, Daily Underwriters filed a motion for partial summary judgment.  Daily Underwriters argued that based upon the undisputed facts, Caudill was not a named insured under its commercial insurance policy, and under the policy's unambiguous terms, Caudill was not entitled to stack UIM coverage.  Daily Underwriters maintained that Caudill was only entitled to $60,000 in UIM coverage under its commercial insurance policy.

Caudill filed a response and a motion for summary judgment. Therein, Caudill argued that under the terms of the commercial insurance policy, Caudill was a named insured and could stack the UIM coverage ($60,000) upon the thirteen motor vehicles with UIM coverage for a total of $780,000. Alternatively, Caudill claimed that his reasonable expectations as to UIM coverage

---

[1] By order entered December 27, 2021, the circuit court rendered partial summary judgment and determined that Johnny Caudill incurred $637,412.40 in past medical expenses related to the accident.

also entitled him to stack the UIM coverage upon the thirteen motor vehicles under the commercial insurance policy.

By order entered October 4, 2021, the circuit court, *inter alia,* granted Daily Underwriters' motion for partial summary judgment and denied Caudill's motion for summary judgment. The circuit court determined that Caudill was only entitled to $60,000 in UIM coverage. Thereafter, by agreed order entered August 30, 2023, the circuit court designated that part of the October 4, 2021, order, which granted Daily Underwriters' motion for partial summary judgment upon the issue of stacking UIM coverage, as final and appealable. The circuit court reiterated that the maximum amount of UIM coverage available to Caudill was $60,000, as the UIM coverage under the insurance policy could not be stacked. And the circuit court included complete finality language in the agreed order per Kentucky Rules of Civil Procedure (CR) 54.02. This appeal follows.

To begin, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). And our review of a summary judgment is *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016).

Caudill contends the circuit court erroneously rendered summary judgment concluding that he was only entitled to $60,000 in UIM coverage under the commercial insurance policy. As noted, Caudill asserts that he is a named

insured under the commercial insurance policy and is entitled to stack UIM coverage. Caudill points out that he is listed as a driver under the commercial insurance policy and thus is a named insured. Caudill also argues that he "is an *individual* part of [L.M.] Wright Trucking, [and] must be included within the definition of 'individual Named Insured.'" Caudill's Brief at 16. As to the number of UIM coverages available for stacking, Caudill maintains that L.M. Trucking paid separate premiums for UIM coverage as to each of the thirteen motor vehicles insured under the commercial insurance policy. As a named insured, Caudill believes that UIM coverage of $60,000 may be stacked thirteen times for a total of $780,000 in UIM benefits.

In Kentucky, UIM coverage is not mandatory but is optional coverage that must be requested by the insured. Kentucky Revised Statutes (KRS) 304.39-320(2). As a result, parties "are free to contract . . . on the form and scope of [UIM] coverage, so long as the terms remain consistent with the remaining provisions of the MVRA [Motor Vehicle Reparations Act]." *Phila. Indem. Ins. Co., Inc. v. Tryon*, 502 S.W.3d 585, 588 (Ky. 2016). And a UIM provision that is plain and unambiguous will be given effect as written. *Id.* at 592.

In the commercial insurance policy issued to L.M. Trucking, the UIM provision concerning stacking of UIM coverage provides, in relevant part:

-5-

**D. Limit of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Underinsured Motorists Insurance shown in the Schedule or Declarations. If there is more than one covered "auto", our limit of insurance for any one "accident", if the "bodily injury" is sustained by an individual Named Insured or any "family member", is the sum of the limits applicable to each covered "auto". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations applicable to the vehicle that "insured" was "occupying" at the time of the "accident".

   . . . .

2. If the "bodily injury" is sustained by any "insured", other than the individual Named Insured or any "family member", in an "accident" in which neither such Named Insured nor any "family member" sustained "bodily injury", the limit of liability shown in the Schedule or Declarations for this coverage is our maximum limit of liability for all damages resulting from any such "accident".

UIM Endorsement at 1-2.

The above UIM provision is clear and unambiguous. Thereunder, if the bodily injury is sustained by an individual named insured or a family member

-6-

thereof and more than one vehicle has UIM coverage, the individual named insured or family member is entitled to combine or stack the UIM coverage applicable to each covered vehicle. *See Ohio Cas. Ins. Co. v. Stanfield*, 581 S.W.2d 555, 557-59 (Ky. 1979);[2] *Consolidated Insurance Co. v. Slone*, 538 S.W.3d 922, 929-30 (Ky. App. 2018). On the other hand, if the bodily injury is sustained by an insured, who is not the individual named insured or family member, the insured is only entitled to the UIM coverage applicable to that vehicle and may not stack UIM coverages applicable to other insured vehicles. *See Stanfield*, 581 S.W.2d at 557-59; *Slone*, 538 S.W.3d 929-30. Thus, under the UIM provision, an individual named insured or family member may stack the UIM coverage upon other insured vehicles; however, other insureds may not. *See Stanfield*, 581 S.W.2d at 557-59; *Slone*, 538 S.W.3d at 929-30. We must next determine whether Caudill qualifies as an individual named insured or family member under the UIM provision.

The UIM provision in the commercial insurance policy defines an individual named insured and a family member as follows:

**B. Who is An Insured**

If the Named Insured is designated in the Declarations as:

---

[2] In *James v. James*, 25 S.W.3d 110, 114 (Ky. 2000), the Supreme Court observed that "[a]lthough our discussion in [*Ohio Casualty Insurance Company v.*] *Stanfield*, [581 S.W.2d 555 (Ky. 1979)] of the two classes of insureds arose in the context of a claim to stack uninsured motorist insurance (UM), its logic and reasoning apply equally to claims to stack underinsured motorist insurance (UIM)."

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

UIM Endorsement at 1.

The above UIM provision is plain and unambiguous. On the declarations page, the named insured is clearly listed as L.M. Trucking.[3] Under the UIM provision cited above, if the named insured is a corporation (L.M. Trucking),

---

[3] The Kentucky UIM endorsement in effect at the time of the accident lists "L M WRIGHT TRUCKING INC" as the only named insured. Johnny Caudill was listed on the driver schedule for the policy.

there can be no individual named insured or family members thereof. *See Stanfield*, 581 S.W.2d at 558-59. As a result, Caudill does not qualify as an individual named insured or family member; rather, Caudill is covered under the UIM provision because he was simply a driver occupying a covered vehicle at the time of the accident. *See Stanfield*, 581 S.W.2d at 558-59; *Slone*, 538 S.W.3d at 929-30. Accordingly, we conclude that the circuit court correctly determined that under the plain language of the UIM policy provision, Caudill is not entitled to stack UIM coverage for the thirteen covered vehicles to satisfy his claim.

Caudill also asserts that he should be permitted to stack UIM coverage under the doctrine of reasonable expectations. We disagree.

As to UIM coverage, our Supreme Court has held that the "reasonable expectations of coverage are satisfied so long as the plain meanings of the terms of the underlying policies are clear and unambiguous." *Tryon*, 502 S.W.3d at 592; *see also Rogers v. Erie Ins. Exch.*, 688 S.W.3d 527, 534 (Ky. App. 2024). In this case, the UIM provision is clear and unambiguous; thereunder, only individual named insureds and family members are entitled to stack UIM coverage. Caudill is neither.

Additionally, Caudill is an insured of the second class as he neither purchased the insurance nor was a family member. As a consequence, second-class insureds, like Caudill, can have no reasonable expectations of stacking UIM

coverage as they were not parties to the insurance contract. *James v. James*, 25 S.W.3d 110, 113-14 (Ky. 2000).

Therefore, we reject Caudill's assertion that he should be permitted to stack UIM coverage based upon his reasonable expectations of coverage under the commercial insurance policy.

Caudill next argues that UIM coverage under the commercial insurance policy is illusory if he is not permitted to stack UIM coverage. Caudill maintains that only L.M. Trucking is listed as a named insured on the declarations page. However, Caudill asserts that L.M. Trucking is a business entity and can only act through agents and employees. If L.M. Trucking is the only named insured, Caudill argues that such renders UIM coverage illusory as no insured can stack UIM coverage under the commercial insurance policy.

As set forth above, UIM coverage is not mandatory, and UIM policy exclusions that are clear and unambiguous will be given effect. *Tryon*, 502 S.W.3d at 592; *see also Rogers*, 688 S.W.3d at 534. Parties are free to negotiate for UIM coverage that fits their needs. *Rogers*, 688 S.W.3d at 534.

In the commercial insurance policy issued to L.M. Trucking, the UIM provision is clear and unambiguous. L.M. Trucking is the named insured, and Caudill is simply not entitled to stack UIM coverage under the plain terms of the commercial insurance policy. As a driver of an insured vehicle, Caudill is entitled

to $60,000 in UIM benefits under the commercial insurance policy. *See Slone*, 538 S.W.3d at 930. For these reasons, we conclude that UIM coverage under the commercial insurance policy is not illusory.

To summarize, we are of the opinion that the circuit court properly rendered summary judgment in favor of Daily Underwriters by concluding that Caudill is only entitled to a total of $60,000 in UIM benefits under the commercial insurance policy.

For the foregoing reasons, the order of the Letcher Circuit Court is affirmed.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

James P. Bowling
Hindman, Kentucky

BRIEF FOR APPELLEE:

Palmer G. Vance, II
Todd S. Page
Lexington, Kentucky


ORAL ARGUMENT FOR
APPELLEE:

Palmer G. Vance, II
Lexington, Kentucky